**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4513**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MAURICE HARDY, a/k/a Reece,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Ellen L. Hollander, District Judge. (1:11-cr-00358-ELH-2)

Submitted:  February 20, 2014      Decided:  February 25, 2014

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Craig M. Sandberg, MUSLIN & SANDBERG, Chicago, Illinois, for Appellant.  Rod J. Rosenstein, United States Attorney, Christine Marie Celeste, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Hardy appeals his conviction and 192-month sentence following his Fed. R. Crim. P. 11(c)(1)(C) guilty plea to conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, one kilogram or more of heroin, and a quantity of cocaine base, in violation of 21 U.S.C. § 846 (2012). In accordance with Anders v. California, 386 U.S. 738 (1967), Hardy's counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether (1) the district court adequately complied with Rule 11 when accepting Hardy's plea, (2) Hardy's sentence is reasonable, and (3) Hardy received the effective assistance of counsel. Although informed of his right to do so, Hardy has not filed a supplemental brief. The Government moves to dismiss Hardy's appeal to the extent the issues he raises are barred by the appellate waiver in Hardy's plea agreement, which, in pertinent part, waives Hardy's right to appeal his conviction or a sentence equal to or less than 192 months' imprisonment. We grant in part and deny in part the Government's motion.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). See, e.g., United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A valid waiver will preclude appeal of a given issue if the issue is within the scope of the waiver. United States v. Blick, 408

F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. Id.

Here, Hardy does not contest the validity of his appellate waiver, and the record indicates that it was knowing and voluntary. Accordingly, Hardy's appellate waiver is enforceable, and his challenge to the reasonableness of his sentence falls squarely within the scope of his waiver. We therefore grant in part the Government's motion and dismiss Hardy's appeal of his sentence.

To the extent Hardy challenges the voluntariness of his plea, that claim is outside the scope of the waiver. The district court fully complied with Rule 11 when accepting Hardy's plea and ensured that the plea was knowing and voluntary and, therefore, final and binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Finally, because there is no clear indication that Hardy's counsel was deficient, we decline to review this claim on direct appeal. See United States v. Copeland, 707 F.3d 522, 531 n.7 (4th Cir.) (providing standard), cert. denied, 134 S. Ct. 126 (2013).

In accordance with Anders, we have reviewed the entire record and have found no unwaived meritorious grounds for appeal. We therefore dismiss the appeal in part and affirm in part. This court requires that counsel inform Hardy, in

3

writing, of his right to petition the Supreme Court of the United States for further review. If Hardy requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hardy. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>